This action has its roots in a replevin action instituted by C. I. T. Corporation against George Meyers and Edward O'Brien (present plaintiffs) wherein was replevied a motor vehicle. Accompanying the writ in the replevin action was the customary replevin bond executed by C. I. T. Corporation, as principal, and National Surety Corporation, as surety (both corporations being present defendants), wherein they bound themselves to Meyers and O'Brien to pay such judgment as might be rendered, to return the replevied automobile, and to pay to Meyers and O'Brien all damage sustained by the replevying of the vehicle should C. I. T. Corporation fail to establish its right to the possession of the same.
Ultimately the issues were resolved for Meyers and O'Brien, in as much as judgment was rendered in their favor upon the complaint and upon a counterclaim adjudging them to be entitled to possession of the replevied personalty.
In this suit on the replevin bond it is alleged that the defendants have failed to return the motor vehicle and they are further asked "to pay to the plaintiffs the damages sustained by the replevying thereof." To this latter allegation the defendants have addressed their motion for more specific statement, requesting the plaintiffs to set forth, with particularity, the damages allegedly sustained by the replevy of the personal property.
The defendants are entitled to know the nature of the claim of the plaintiffs. While the broad allegation concerning damages sufficiently alleges a cause of action, nevertheless, the defendants are not barred from seeking amplification. One of the expressed purposes of the statute (Gen. Stat. [1930] § 5513) is to provide for "fuller and more particular statements."Zaparyniuk et al. vs. Comcowich, 9 Conn. Sup. 523;Berenda vs. St. Peter's and Paul's Greek Catholic Church, id.
537.
 Motion granted, to be complied with within two weeks from date.